UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PRATT CORRUGATED HOLDINGS, )
INC., a Delaware corporation, )
                             )
        Counterclaim Plaintiff, )
                             )
v. )
                             )
PORTER PIZZA BOX OF FLORIDA, )    Civil Action No.:
INC., a Florida corporation, )    1:18-cv-0063-AT
f/k/a STAR PIZZA BOX, )
                             )
        Counterclaim Defendant, )
                             )
v. )
                             )
HALDEN PORTER, )
                             )
        Counterclaim Defendant. )
                             )

## **CONSOLIDATED PROPOSED AMENDED PRETRIAL ORDER**

Pursuant to this Court's Order [Docket No. 213] the Parties submit this Consolidated Proposed Amended Pretrial Order and state as follows:

1.

There are no motions or other matters pending for consideration by the court except as noted:

1

- **Counterclaim Plaintiff Pratt Corrugated Holdings, Inc.'s ("Pratt") Renewed Motion *in Limine* to Exclude Testimony, Evidence, and Argument regarding the Porter Parties' June 2023 Document Production (Doc. 219).**

- **Any other pretrial motions filed by the Court's October 20, 2023 deadline (Doc. 213).**

**The parties request a pretrial conference with the Court.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**None known to the parties at this time, though they reserve the right to take depositions for use at trial, if needed.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**None known to the parties**.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**This Court's jurisdiction is based on diversity (28 U.S.C. § 1332).**

<u>**Counterclaim Plaintiff**</u>:

**Pratt's Counter Claims and Jurisdictional Bases:**

Count I - Breach of Contract; Jurisdictional Basis - 28 U.S.C. § 1332.

Count II - Fraud; Jurisdictional Basis - 28 U.S.C. § 1332.

Count III - Fraud by Halden Porter; Jurisdictional Basis - 28 U.S.C. § 1332.

Count IV - Constructive Fraud; Jurisdictional Basis - 28 U.S.C. § 1332.

Count V - Money Had and Money Received; Jurisdictional Basis - 28 U.S.C. § 1332.[1]

Count VI - Unjust Enrichment; Jurisdictional Basis - 28 U.S.C. § 1332.[2]

Count VII - Attorney's Fees and Expenses; Jurisdictional Basis - 28 U.S.C. § 1332.

---

[1] The Court dismissed Pratt's counterclaims in Counts V and VI, two of Pratt's alternative, equitable claims. *See* Nov. 8, 2018 Order, Doc. 34 at 23; April 18, 2019 Order, Doc. 44 at 26. Pratt nevertheless lists these claims and their jurisdictional bases out of an abundance of caution.

[2] *See id.*

Count VIII - Punitive Damages; Jurisdictional Basis - 28 U.S.C. § 1332.

Count IX - Constructive Trust; Jurisdictional Basis - 28 U.S.C. § 1332.

**Counter-Defendants:** **Counter-Defendant** **Halden** **Porter respectfully contends that he is not subject to the jurisdiction of this Court. Though the Court has ruled otherwise, Mr. Porter does not waive his objections based on lack of personal jurisdiction and reserves all rights relating thereto.**

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Counterclaim Plaintiff**:

Nelson Mullins Riley & Scarborough, LLP, 201 17th Street, N.W., Suite 1700, Atlanta, GA 30363, Ph: (404) 322-6000, Fax: (404) 322-6050

   1) Richard B. North, Jr.
      Georgia Bar No. 545599
      Email: richard.north@nelsonmullins.com

**Counter-Defendants**:

Law Office of David J. Hungeling, P.C. d/b/a Hungeling Rubenfield Law, Peachtree 25th, 1718 Peachtree Street, Suite 599, Atlanta, Georgia 30309, Ph: (404) 574-2466, Fax (404) 574-2467

   1) David J. Hungeling
      Georgia Bar No.: 378417
      Email: david@hungelinglaw.com

4

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**The parties agree that Pratt should open arguments to the jury.**

7.

The captioned case shall be tried ( <u>X</u> ) to a jury or ( _ ) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**The Court granted the Porter Parties' request for bifurcation (Doc. 136).**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

**Counter-Defendants' proposed legal qualifications questions are attached as Attachment A-1. Pratt's proposed legal qualifications questions are attached as Attachment A-2.**

10.

Attached hereto as <u>Attachment B-1</u> are the general questions which counter-defendants wish to be propounded to the jurors on voir dire examination.

Attached hereto as <u>Attachment B-2</u> are the general questions which counterclaim plaintiff wishes to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

**<u>Counter-Defendants</u>: Counter-Defendants agree with the Court's qualifying questions and have no additional qualifying questions. Counter-Defendants' additional voir dire questions can be found in attachment B-1.**

6

**Counterclaim Plaintiff**: Pratt's additional voir dire questions can be found in attachment B-2.

**Other Parties**: N/A. There is no third party and thus no **Attachment** B3, **B-4**, etc.

11.

State any objections to the parties' proposed voir dire questions: —

**Counter-Defendants state**: **Counter-Defendants' objections are included in Attachment B-1, under the heading, "*Objections to Pratt's Voir Dire.*"**

**Counterclaim Plaintiff states**: **Pratt has no objections to the Porter Parties' voir dire questions.**

**Other Parties: N/A.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

**The Parties agree to a jury of eight (8) members, as stated in the Court's Standing Order and are agreeable with the number of peremptory challenges (three per side) as provided in the Standing Order.**

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**There are two related actions between the parties currently pending in the United States District Court for the Southern District of Ohio and the United States District Court for the Middle District of Florida brought under Ohio's and Florida's Uniform Fraudulent Transfer Acts. *See Pratt Corrugated Holdings, Inc. v. Porter Pizza Box of Ohio, LLC, et al.*, Case No. 2:23-cv-00448-ALM-KAJ (S.D. Ohio); *Pratt Corrugated Holdings, Inc. v. Porter Pizza Box of Florida, Inc., et al.*, Case No. 8:23-cv-00200-WFJ-CPT (M.D. Fla.).**

14.

Attached hereto as <u>Attachment</u> C is counterclaim plaintiff's outline of the case which includes a succinct factual summary of counterclaim plaintiff's causes of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by counterclaim plaintiff shall be listed under a separate

heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, counterclaim plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**The Parties agree that Pratt's outline of the case should not be read to the jury.**

15.

Attached hereto as <u>Attachment</u> D is the counter-defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendants shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision

authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**The Parties agree that the Porter Parties' outline of the case should not be read to the jury.**

16.

Attached hereto as <u>Attachment E</u> are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

**The parties refer to their previously filed Joint Stipulations of the Parties (Doc. 140), which they have attached hereto as <u>Attachment E</u>.**

17.

The legal issues to be tried are as follows:

**<u>Counterclaim Plaintiff</u>:  The Court has already found "that Porter Pizza breached the Supply and Purchase Agreement as a matter of law by transferring at least some of its interest in the Agreement to WestRock without giving Pratt 60 days' advanced written notice." (Doc. 156 at 13-14.) The Court also found**

10

that the "Purchase Agreement in this case clearly stated that Porter Pizza 'shall' or is required to purchase a specific number of pizza boxes from Pratt." (*Id.* at 16.) "The Agreement stated, '[Porter Pizza] *shall* purchase at least seventeen million dollars ($17,000,000) of its requirements of the Product from [Pratt] during the Term in set quantities and amounts provided on Exhibit A hereto." (*Id.* at 15 (alterations and emphasis original).) "This provision was more than a mere invitation for orders and constitutes an enforceable provision in the agreement." (*Id.* at 16.)

The remaining legal issues to be tried are as follows:

1.   Did Porter Pizza breach the Purchase Agreement by failing to include Pratt as a joint exhibitor at the 2017 Las Vegas Pizza Expo.

2.   Did Porter Pizza breach or "repudiate" the Purchase Agreement when it sold its assets to WestRock, placing it in a position in which it could not perform for the Purchase Agreement's three-year term and make the required minimum annual purchases of at least $17 million of pizza boxes?

3.   Did Porter Pizza breach the Purchase Agreement by attempting to unilaterally change the terms of the Purchase Agreement by having WestRock buy boxes from Pratt for 60-90 days in an attempt to satisfy Porter Pizza's obligations under the Purchase Agreement?

11

4.     Did Porter Pizza breach the Purchase Agreement by failing to meet its minimum purchasing requirement of at least $17 million worth of pizza boxes annually for each year during the Purchase Agreement's three-year term and growing that business to $20 million annually?

5.     If Porter Pizza breached the Purchase Agreement, in what amount was Pratt damaged by Porter Pizza?

6.     Are Porter Pizza and Hal Porter liable for fraud by misrepresenting in the Purchase Agreement that Porter Pizza would (1) purchase a minimum of $17 million per year; (2) extensively communicate with Pratt about his business's condition and how to move business to Pratt; (3) serve as a joint-exhibitor with Pratt at the Las Vegas Pizza Expo; and (4) not assign or transfer any interest in the Purchase Agreement without 60 days advanced written notice and Pratt's consent, when Mr. Porter knew Porter Pizza could not fulfill these promises because he was selling and did sell his company's assets to Pratt's competitor?

7.     If Porter Pizza and/or Mr. Porter are liable for fraud, in what amount was Pratt damaged as a result of the fraud?

8.     Are Porter Pizza and/or Mr. Porter liable for Pratt's expenses and attorneys' fees in defending this suit and prosecuting its claims?

**9.     Are Porter Pizza and/or Mr. Porter liable for punitive damages? If so, what amount of punitive damages will punish and deter the conduct of Porter Pizza and/or Hal Porter in the future?**

**10.    Should the Court impose a constructive trust over $678,508 in benefits conferred to Porter Pizza and Mr. Porter under the Purchase Agreement?**

**Counter-Defendants object to Pratt's issues to be tried to the extent they are issues of law outside the purview of the jury, to the extent that they have not been previously raised, and to the extent that they are barred as a matter of law.**

**<u>Counter-Defendants</u>: The legal issues to be tried in the case are:**

**(i)      Did Pratt breach the Purchase Agreement with Plaintiff by refusing to pay the "catch-up" payment, by refusing to pay applicable rebates and discounts, and/or by failing to timely meet Star Pizza's purchase orders?**

**(ii)     Are Pratt's equitable claims and counterclaims barred by the doctrine of laches?**

**(iii)    Are Pratt's equitable claims and counterclaims barred by Defendant's unclean hands?**

(iv)     **Are Pratt's breach of contract claims and counterclaims barred by a failure of consideration?**

(v)      **Is Porter Pizza entitled to a setoff or to recoupment and, if so, by how much?**

(vi)     **Did Pratt fail to mitigate its damages, and if so, by how much?**

(vii)    **Are some or all of Pratt's claims against Mr. Porter barred due to the lack of contract or privity between Mr. Porter and Defendant?**

(viii)   **Are Pratt's breach of contract claims barred due to failure of a condition precedent?**

(ix)     **Are Pratt's breach of contract claims barred due to Pratt's breach or its own failure to perform?**

(x)      **Are Pratt's claims barred by waiver, release, or estoppel?**

(xi)     **Are Pratt's claims barred by mistake?**

(xii)    **Are Pratt's claims barred by Pratt's ratification or novation of terms after execution of the Purchase Agreement?**

(xiii)   **Are Pratt's claims barred by Pratt's own misrepresentations or fraud?**

(xiv)    **Does the economic loss rule bar Pratt's claims?**

**(xv)     Are Pratt's claims barred due to its lack of good faith and fair dealing?**

**Counterclaim Plaintiff objects to Counter-Defendants issues to be tried to the extent they are issues of law outside the purview of the jury, to the extent that they have not been previously raised, to the extent that they are barred as a matter of law, and to the extent that they are inconsistent with this Court's prior Orders and Decisions.**

18.

Attached hereto as <u>Attachment F-1</u> for the counter-defendants, <u>Attachment F-2</u> for the counterclaim plaintiff, and <u>Attachment F-3</u>, etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to

trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**Counter-Defendants**: **Counter-Defendants' list of witnesses is attached as Attachment F-1. Counter-Defendants object to Pratt's inclusion of witnesses not previously identified in this case or previously listed on Pratt's prior Witness List.**

**Counterclaim Plaintiff**: **Pratt's list of witnesses is attached as Attachment F-2.**

**Other Parties**: **N/A. There are no third parties in this case**.

*N.B.* Opposing counsel may rely on representation by the designated party that a witness will be present unless notice to the contrary is given in sufficient time prior to trial to allow the other party to subpoena the witness or obtain his, her, or its testimony by other means.

19.

Attached hereto as <u>Attachment G-1</u> for the counter-defendants, <u>Attachment G-2</u> for the counterclaim plaintiff, and <u>G-3</u>, etc. for all other parties are the typed lists

of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

17

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**Counter-Defendants: Counter-Defendants attach a list of their exhibits as <u>Attachment G-1</u>, although, to the extent permitted by the Court, they reserve the right to supplement this list and to use any and all documents produced during discovery, all deposition exhibits, and all of the other materials, items, and documents produced or used by Pratt in addition to any third party production included therein.**

**Counter-Defendants have attached a list of their objections to Pratt's Exhibits at the end of Attachment G-1.**

**<u>Counterclaim Plaintiff</u>: Pratt attaches a list of its exhibits as <u>Attachment G-2</u>, although, to the extent permitted by the Court, it reserves the right to supplement this list and to use any and all documents produced during**

18

discovery, all deposition exhibits, and all of the other materials, items, and documents produced or used by the Porter Parties in addition to any third party production included therein.

Pratt has attached a list of its objections to the Porter Parties' Exhibits at the end of Attachment G-2.

<u>Other Parties</u>: N/A. There are no third parties in this action.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

<u>Counter-Defendants</u>: **Counter-Defendants anticipate that they may introduce the following testimony by deposition:**

**Pratt Corrugated Holdings, Inc. (Frank Adams): p.5:1-p.6:5, p.7:6-12, p.8:24-p.9:22, p.11:20-p.12:2, p.12:24-p.13:4, p.14:2-23, p.15:19-p.16:9, p.16:16-p.17:7, p.17:14-p.18:12, p.22:16-p.23:5, p.24:15-18, p.26:21-p.28:21, p.29:14-23, p.30:9-p.31:1, p.32:6-p.38:9, p.40:2-p.42:22, p.46:11-p.48:7, p.49:22-p.53:7, p.54:2-13, p.56:7-12, p.60:19-23, p.62:6-18, p.63:15-p.64:5, p.64:14-21, p.65:21-p.66:8, p.66:24-p.67:24, p.68:10-18, p.68:25-p.71:10, p.71:22-p.72:10, p.76:16-p.78:4, p.79:4-p.81:6, p.82:17-p.83:25, p.85:15-18, p.86:18-p.90:12, p.91:4-p.93:8, p.94:9-p.97:6, p.99:10-p.101:13, p.102:7-p.104:3, p.105:1-p.107:14, p.108:20-p.116:16, p.118:25-p. 126:14, p.127:13-p.128:11, p.129:7-p.130:18.**

**Lisa Bilthuis: p.4:1-p.5:1, p.5:5-8, p.8:25-p.9:15, p.9:24-p.10:5, p.10:13--16, p.11:14-p.12:4, p.12:8-16, p.14:16-p.15:9, p.16:22-24, p.20:22-p.21:6, p.22:15-18, p.22:25-p.23:3, p.26:19-p.29:6, p.29:21-p.34:14, p.35:21-p.38:11, p.40:16-p.42:25, p.43:8-p.44:7, p.50:2-p.52:9, p.52:17-19, p.53:8-p.55:1, p.55:12-p.p.56:22.**

**Randy Onkotz: p.6:1-25, p.7:9-p.15:2, p.16:10-18, p.16:23-p.17:18, p.18:6-9, p.19:23-p.21:9, p.21:24-p.23:5, p.23:13-p.26:21, p.27:1-21, p.28:8-p.34:6, p.35:6-p.42:24, p.43:5-p.58:5, p.59:23-p.66:20, p.68:3-p.78:16, p.79:5-p.86:7.**

**Counter-Defendants reserve the right to use any of the depositions taken in this case for purposes of rebuttal testimony, impeachment, and based upon the rule of completeness. Counter-Defendants also reserve the right to use the deposition testimony of any witness legally unavailable for trial.**

**Counter-Defendants object to Pratt introducing by deposition any testimony of its own witnesses.**

**<u>Counterclaim Plaintiff</u>**: Pratt anticipates that it may introduce the following testimony by deposition:

Deposition of Halden Porter and Porter Pizza Box of Florida, Inc. (June 2019):

Pg: 6: 5-9, 24-25
Pg: 7: 1-6
Pg: 8: 22-25
Pg: 9: 1-12, 15-17, 21, 25
Pg: 10: 1-25
Pg: 11: 1, 7-25
Pg: 12: 1-16, 19-25
Pg: 13: 1-5
Pg: 23: 23-25
Pg: 26: 7-25
Pg: 27: 1-4
Pg: 28: 6-25
Pg: 29: 1-25
Pg: 30: 1-21
Pg: 31: 4-15, 18-25

Pg: 32: 1-19
Pg: 33: 3-10, 21-25
Pg: 40: 4-12, 16-25
Pg: 41: 1-25
Pg: 43: 10-25
Pg: 44: 1-25
Pg: 45:1-3, 8-19
Pg: 47: 17-25
Pg: 48: 1-25
Pg: 49: 1-21
Pg: 50: 1-10
Pg: 51: 12-25
Pg: 52: 1-18
Pg: 54: 23-25
Pg: 55: 1-2, 9-14, 17-25
Pg: 56: 1-4, 7-25
Pg: 57: 1
Pg: 58: 7-8, 12-16, 18-25
Pg: 59: 1-4, 24-25
Pg: 60: 1-2, 5-11
Pg: 61: 14-17, 19-22
Pg: 64: 1-4, 11-20
Pg: 68: 15-21
Pg: 75: 19-25
Pg: 76: 1-5
Pg: 81: 12-25
Pg: 82: 1-22
Pg: 84: 7-20
Pg: 94: 1-10
Pg: 99: 5-25
Pg: 100: 1-5
Pg: 101: 1-25
Pg: 102: 1-20
Pg: 108: 2-5, 7-21
Pg: 111: 22-25
Pg: 112: 1-2, 23-25
Pg: 113: 1
Pg: 114: 25

Pg: 115: 1-4, 6-9, 12
Pg: 116: 12-15, 17-20
Pg: 117: 8-11, 13-18, 21-24
Pg: 118: 11-14, 18-25
Pg: 119: 1-25
Pg: 120: 1-25
Pg: 121: 5-23
Pg: 122: 6-7, 10-18
Pg: 124: 5-25
Pg: 125: 1, 9-12
Pg: 126: 9-25
Pg: 127: 1, 8-21
Pg: 128: 13-25
Pg: 129:1-2, 5-8, 12-18, 22-25
Pg: 130:1-3, 8-14
Pg: 131: 8-13, 15, 17-25
Pg: 132: 1, 4-25
Pg: 133: 1-7, 9-25
Pg: 134: 1-25
Pg: 135: 1-3, 10-16
Pg: 136: 17-25
Pg: 137: 1, 3-25
Pg: 138: 1-21
Pg: 140: 1-15, 19-25
Pg: 141: 1-2, 16-25
Pg: 142: 1-25
Pg: 143: 1-13
Pg: 148: 3-4, 8-25
Pg: 149: 1-24
Pg: 150: 4-7, 12-20, 25
Pg: 151: 1-6, 8-20
Pg: 152: 24-25
Pg: 153: 1-25
Pg: 154: 1-3, 13-14, 17-25
Pg: 155: 1-11, 18-25
Pg: 156: 1-10, 15-16, 19-25
Pg: 157: 2-25
Pg: 158: 1-13

Pg: 159: 20-22
Pg: 160: 7-11, 15-25
Pg: 161: 1-5, 8-19, 22-23
Pg: 163: 5-7, 11-25
Pg: 164: 1-3
Pg: 165: 1-9
Pg: 166: 1-20
Pg: 167: 21-25
Pg: 168: 1
Pg: 169: 11-14, 16-25
Pg: 170: 1-25
Pg: 171: 1-20
Pg: 172: 4-8, 11-25
Pg: 173: 1-3, 5-8, 23-25
Pg: 174: 10-15, 17-25
Pg: 175: 2-16, 18-25
Pg: 176: 1-11, 15-16

Deposition of Halden Porter (October 2023):

Pg: 4: 1-13
Pg: 5: 13-18, 21
Pg: 12: 2-25
Pg: 13: 1-20
Pg: 19: 20-25
Pg: 20: 1-4
Pg: 22: 16-24
Pg: 23: 19-25
Pg: 24: 1-8, 10-20
Pg: 25: 7-24
Pg: 26: 2-22, 24
Pg: 27: 2-3, 5-6, 24-25
Pg: 28: 1-3
Pg: 30: 22-25
Pg: 31: 1-23
Pg: 32: 12-25
Pg: 33: 3-4, 6-18
Pg: 34: 4-7

Pg: 36: 12-20
Pg: 38: 2-6
Pg: 43: 18-25
Pg: 44: 1-14
Pg: 45: 12-17
Pg: 46: 8-25
Pg: 47: 1-14
Pg: 48: 7-12, 19
Pg: 49: 11-20
Pg: 50: 3-4, 6-18
Pg: 51: 3-4, 6-18
Pg: 56: 19-20, 23-25
Pg: 57: 1-4, 8-19
Pg: 58: 12-21
Pg: 59: 2-5, 11-13
Pg: 69: 7-25
Pg: 70: 10-17
Pg: 71: 2-12
Pg: 73: 9-12, 14-25
Pg: 74: 1-11
Pg: 75: 8-10, 11-21, 23-25
Pg: 76: 2
Pg: 80: 6-21
Pg: 82: 6-10
Pg: 83: 1-25
Pg: 84: 1-25
Pg: 85: 1-8, 13-19
Pg: 86: 4-18, 20-24
Pg: 87: 2-4, 6, 23-25
Pg: 88: 1
Pg: 90: 22-25
Pg: 91: 1, 24-25
Pg: 92: 1-13
Pg: 94: 2-16
Pg: 95: 12-20
Pg: 96: 6-25
Pg: 97: 1-25
Pg: 98: 1-12, 14-18, 20-22

Pg: 99: 2-22
Pg: 100: 14-25
Pg: 101: 15-25
Pg: 102: 1-24
Pg: 103: 1-16
Pg: 104: 17-25
Pg: 105: 1-15, 17, 23-25
Pg: 106: 2
Pg: 107: 10-22
Pg: 108: 3-14, 24-25
Pg: 109: 1-22, 25
Pg: 110: 1-23
Pg: 111: 5-25
Pg: 112: 1-14
Pg: 113: 15-22
Pg: 114: 15-25
Pg: 115: 1-10, 19, 22, 25
Pg: 116: 1-16, 21-25
Pg: 117: 1-22
Pg: 120: 22-24
Pg: 121: 6-14, 16-21, 24-25
Pg: 122: 4-12, 15-25
Pg: 123: 1-10, 18-21
Pg: 124: 13-17, 19-25
Pg: 125: 1-15
Pg: 126: 4-14, 22-25
Pg: 127: 1
Pg: 129: 12-13, 17-25
Pg: 130: 1-3, 21-25
Pg: 131: 1-10
Pg: 133: 11-22

Deposition of Grant Porter:

Pg: 7: 16-25
Pg: 8: 1, 22-25
Pg: 9: 1-5
Pg: 15: 19-25

Pg: 16: 1-25
Pg: 17: 1-4, 15-25
Pg: 18: 1-25
Pg: 19: 1-22
Pg: 20: 1-11
Pg: 21: 5-9
Pg: 22:10-19
Pg: 23: 9-25
Pg: 24: 1
Pg: 25: 13-15
Pg: 26: 7-14, 23-25
Pg: 27: 1, 12-14, 17-25
Pg: 29: 2-4
Pg: 30: 8-20, 22-25
Pg: 31: 1-12, 24-25
Pg: 32: 1-4, 13-15
Pg: 33: 19-21, 25
Pg: 34: 1-3, 10-19
Pg: 35: 12-16
Pg: 36: 6-20
Pg: 39: 22-25
Pg: 40: 1-7
Pg: 41: 7-19
Pg: 42: 10-18
Pg: 44: 5-10
Pg: 45: 8-13
Pg: 47: 20-21
Pg: 48: 9-11, 15-25
Pg: 49: 1-4
Pg: 56: 2-6
Pg: 57: 6-15, 23-25
Pg: 58: 1-2
Pg: 60: 20-24
Pg: 61: 1, 4-11, 13-22
Pg: 69: 14-25
Pg: 70: 1-10
Pg: 71: 15-25
Pg: 72: 1-10, 19-22

Pg: 75: 8-25
Pg: 76: 1-5, 15-25
Pg: 77: 1, 6-11
Pg: 80: 9-25
Pg: 81: 1-11, 13, 15-25
Pg: 82: 1-2
Pg: 83: 22-25
Pg: 84: 1-10

Deposition of Randy Onkotz:

Pg: 9: 7-25
Pg: 11: 1-18
Pg: 13: 1-23
Pg: 15: 3-12
Pg: 16: 7-9
Pg: 17: 13-25
Pg: 19: 5-25
Pg: 20: 1-25
Pg: 21: 1-18
Pg: 23: 13-24
Pg: 26: 14-25
Pg: 27: 15-25
Pg: 28: 1-12
Pg: 32: 1-17
Pg: 37: 11-25
Pg: 47: 1-25
Pg: 49: 22-25
Pg: 50: 1-9, 25
Pg: 51: 1-14
Pg: 57:1-25
Pg: 59: 23-25
Pg: 60: 1-25
Pg: 63: 1-25
Pg: 64: 1-25
Pg: 65: 1-13
Pg: 66: 1-25
Pg: 67: 1-25

Pg: 76: 20-25
Pg: 77: 1-11
Pg: 80: 1-25
Pg: 81: 1-25
Pg: 84: 1-4
Pg: 85: 5-13
Pg: 86: 1-12

Deposition of Frank Adams and Pratt:

Pg: 6: 2-9, 17-25
Pg: 7: 1-25
Pg: 9: 14-25
Pg: 10-12:1-25
Pg: 13: 16-25
Pg: 14: 24-25
Pg: 15: 1-25
Pg: 17: 14-23
Pg: 24: 11-14
Pg: 36: 4-9
Pg: 38: 10-19
Pg: 39: 7-20
Pg: 41: 21-25
Pg: 42-45: 1-25
Pg: 51: 1-25
Pg: 52: 11-25
Pg: 53: 1-25
Pg: 54: 1-25
Pg: 55: 1-19
Pg: 56: 1-25
Pg: 57: 20-25
Pg: 59: 8-25
Pg: 60: 17-25
Pg: 61: 1-25
Pg: 62: 1-12
Pg: 64: 6-13
Pg: 66: 9-13
Pg: 67: 1-25

Pg: 68: 1-3
Pg: 69-70: 1-25
Pg: 71: 1-10
Pg: 77: 15-25
Pg: 81: 7-15
Pg: 82: 6-25
Pg: 83: 3-6
Pg: 84: 1-25
Pg: 88: 20-25
Pg: 89: 1-3
Pg: 90: 4-25
Pg: 91: 1-3
Pg: 99: 14-25
Pg: 100: 1-5, 14-25
Pg: 103: 17-25
Pg: 104: 9-25
Pg: 109: 14-25
Pg: 110: 1-25
Pg: 111: 8-15
Pg: 112: 1-25
Pg: 113: 1-25
Pg: 114: 1-25
Pg: 118: 1-8
Pg: 119: 1-25
Pg: 120: 1-14
Pg: 121: 17-25
Pg: 123: 25
Pg: 124: 1-25
Pg: 125: 18-25
Pg: 126: 1-14
Pg: 130: 22-25
Pg: 131: 1-21
Pg: 132: 2-14

Pratt reserves the right to use any of the depositions taken in this case for purposes of rebuttal testimony, impeachment, and based upon the rule of

completeness, and reserves the right to use the deposition testimony of any witness legally unavailable for trial.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachment H-1 for the counter-defendants, H-2  for the counterclaim plaintiff and H-3, etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

30

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

**The Parties will submit their requests for charge in compliance with this instruction.**

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment I to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**Counter-Defendants**: **Counter-Defendants' suggested general verdict form is attached as Attachment I-1.**

**Counterclaim Plaintiff**: **Pratt's suggested general verdict form is attached as Attachment I-2.**

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**The Court previously authorized thirty (30) minutes per side for opening statements. *See* Dec. 14, 2022 Pretrial Conf. 33:21-34:1 (Doc. 154). Pratt requests up to forty-five (45) minutes per side for closing arguments given the additional time needed to adequately cover the multiple claims and remedies sought against the Porter Parties and to rebut the Porter Parties' defenses.**

**The Porter Parties contend that thirty (30) minutes per side is sufficient for closings in this case and request that the Court maintain the thirty-minute time limitation for closings.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

***N/A*. Because this matter is set for jury trial, the foregoing request is inapplicable.**

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met and mediated on December 10, 2018, and on January 9, 2023, and have had numerous additional conferences to discuss in good faith the possibility of settlement of this case. Other than ordering the parties to mediate, the court (  ) has or ( X ) has not discussed settlement of this case with counsel. It appears at this time that there is:

(__)          A good possibility of settlement.

(__)          Some possibility of settlement.

(X)          Little possibility of settlement.

(__)        No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**The case has been specially set for trial beginning November 29, 2023 (Doc. 213).**

28.

The counterclaim plaintiff estimates that it will require not more than three **(3)** days to present its evidence. The counter-defendants estimate that they will require **(1.5)** days to present its evidence. The other parties estimate that it will require N/A days to present their evidence. It is estimated that the total trial time will be **(5)** days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case **(x)** submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the

pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.

Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.


IT IS SO ORDERED this _____ day of _____, 2023.


_____
The Honorable Amy Totenberg
United States District Judge

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.



/s/: *Adam S. Rubenfield*
David J. Hungeling
Georgia State Bar No. 378417
Adam S. Rubenfield
Georgia State Bar No. 419033
Peachtree 25th, Suite 599
1718 Peachtree Street NW
Atlanta, Georgia 30309
TEL (404) 574-2466
FAX (404) 574-2467
*david@hungelinglaw.com*
*adam@hungelinglaw.com*
**Attorneys for Counterclaim Defendants**

NELSON MULLINS RILEY & SCARBOROUGH, LLP

/s/: *Richard B. North, Jr.*
Richard B. North, Jr.
Georgia Bar No. 545599
Richard.North@nelsonmullins.com
Christopher Shaun Polston, Esq.
Shaun.Polston@nelsonmullins.com
Georgia Bar No. 737821
201 17th Street, N.W., Suite 1700
Atlanta, GA 30363
Telephone: (404)322-6000
Facsimile: (404) 322-6050

Alan Kaufman (admitted *pro hac vice*)
330 Madison Avenue, 27th Floor
New York, NY 10017
Telephone: (212) 413-9016
alan.kaufman@nelsonmullins.com

**Attorneys for Counterclaim Plaintiff**